UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRIZZELL CANARY SUTHERLIN, JR.,

       Plaintiff,

v.                                                Case No. 10-10540
                                                Honorable Julian Abele Cook, Jr.

COMMISSIONER OF
SOCIAL SECURITY

       Defendant.

ORDER

This case involves a complaint by the Plaintiff, Frizzell Canary Sutherlin, Jr., who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, both of which were forwarded by the Court to Magistrate Judge Charles E. Binder for his evaluation. In a report on November 15, 2010, he recommended that this Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Sutherlin's motion for summary judgment. As of this date, neither party has expressed any objections to the magistrate judge's report and recommendation. For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Binder, in its entirety.

I.

Sutherlin is a man in his mid-fifties who graduated from high school and completed two

1

years of college. He has an extended work history as an electronic technologist in the telecommunications industry. On January 4, 2007, Sutherlin protectively filed applications for disability insurance benefits and supplemental security income in which he claimed to have been disabled since August 15, 2005, because of diabetes mellitus, heart conduction disturbances, and an affective disorder.

After his application was denied, he sought and obtained a *de novo* hearing before an administrative law judge who, in a decision on June 25, 2009, determined that Sutherlin was not under a disability within the meaning of the Social Security Act. She concluded that, although Sutherlin suffered from multiple severe impairments - to wit, diabetes mellitus, affective disorder, and a history of heart conduction disturbances - he did not have an impairment or a combination of impairments that met or equaled the Listing of Impairments. She also determined that Jones had the residual functional capacity to perform light work with the following additional restrictions: (1) minimal contact with the public; (2) able to work in proximity to, but not collaboratively with, other people; (3) limited to one- to two-step work tasks; and (4) may climb ramps - but not ladders - occasionally. Finally, the administrative law judge opined that, given these restrictions as well as Sutherlin's age, education, and work experience, he is able to perform a significant number of jobs that are available in the national economy. Thus, the administrative law judge concluded that he was not suffering from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on December 4, 2009, when the Appeals Council denied Sutherlin's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1)

the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In his appeal, Sutherlin urges the Court to conclude that the decision by the administrative law judge was erroneous because the determination that he could perform a significant number of jobs was premised upon an inaccurate hypothetical question. On the other hand, the Commissioner takes issue with Sutherlin's argument, contending that the administrative law judge's determination was correct and is supported by substantial evidence in the record.

Sutherlin submits that the administrative law judge's conclusion (to wit, that he was moderately limited in his ability to maintain concentration, persistence, and pace) was not properly accounted for in the hypothetical question that was subsequently presented to the vocational expert during the hearing. *See, e.g.*, *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) (citing *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where

3

the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments."). When asking the vocational expert whether a claimant with Sutherlin's impairments could perform a significant number of jobs, the administrative law judge included the condition that, "because of . . . his mental condition he can only do one to two-step tasks on a sustained basis." (Tr. at 57). Sutherlin contends that the hypothetical question did not accurately describe him in all significant respects because the limitation to "one to two-step" tasks did not adequately account for the finding by the administrative law judge that he has moderate difficulty in maintaining concentration, persistence, and pace.

Sutherlin's argument is not persuasive. When rating the severity of Sutherlin's mental impairment at the second and third steps of the sequential evaluation process, the administrative law judge considered his limitations in the four functional areas - known as the "B criteria" - of (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation, as mandated by 20 C.F.R. § 416.920a(c)(3). She determined that Sutherlin had (1) mild limitations in the activities of his daily living and social functioning; (2) moderate difficulty in maintaining concentration, persistence, and pace; and (3) no more than one possible episode of decompensation of an extended duration.

However, the limitations noted in the B criteria at the second and third steps differ from a residual functional capacity assessment, in that the latter requires a detailed assessment of a variety of functions that fall within each of the four broad categories listed in the B criteria. SSR 96-8p, 61 Fed. Reg. 34474-01 (July 2, 1996). As Sutherlin acknowledges, the administrative law judge was not required to incorporate the broad terminology of the B criteria verbatim. Rather, as required, the administrative law judge carefully considered and evaluated the credibility of all the

relevant evidence when making the residual functional capacity determination and transforming Sutherlin's restrictions into concrete terms. *See Smith*, 307 F.3d at 379 (endorsing use of hypothetical that omitted broad wording from steps two and three but included more specific and concrete findings from residual functional capacity assessment).

A State Disability Determination Service medical consultant had determined that, despite Sutherlin's moderate difficulty in maintaining concentration, persistence, or pace, (1) these limitations did not interfere with his ability to perform tasks that were simple in nature and (2) he retained the ability to perform "one to two" step tasks on a sustained basis. The administrative law judge gave great weight to this opinion because it was corroborated by the medical evidence in the record. For example, Sujeeth R. Punnam, M.D., reported that, despite a history of major depression including suicidal ideation, Sutherlin's depression is under control and he is doing well on medication. (Tr. at 181-83). Morever, this conclusion is consistent with Sutherlin's self-assessment during the hearing; namely, he (1) does housework (including washing dishes, cooking, washing clothes, and yard work); (2) is able to go shopping, drive, and take walks by himself; and (3) enjoys bowling, attending church, and reading. (Tr. at 49-51, 137-38).

The hypothetical question that was presented to the vocational expert properly accommodated Sutherlin's moderate limitation in concentration, pace, and persistence because it accurately described the effect of this limitation in concrete terms. Therefore, the determination that Sutherlin could perform a significant number of jobs based on the vocational expert's response to the hypothetical question is supported by substantial evidence. Hence, Sutherlin's argument to the contrary must be rejected.

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate

Judge Binder. Therefore, (1) the Commissioner's motion for summary judgment is granted, and (2) Sutherlin's motion for summary judgment is denied.

       IT IS SO ORDERED.

Dated:  February 8, 2011                   s/Julian Abele Cook, Jr.
      Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                       United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 8, 2011.

                                                         s/ Kay Doaks
                                                         Case Manager